UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST MESA TANKSHIPS, LLC | CIVIL ACTION |
| VERSUS | NO. 12-531 c/w 12-532 c/w 12-533 |
| | *Applies to 12-531, 12-532, and 12-533* |
| FIRE PROTECTION SERVICES | SECTION "C" (1) |

## ORDER & REASONS[1]

Before the Court are the following Motions to Withdraw the Bankruptcy Reference by Defendant Fire Protection Services ("FPS"). (12-531, Rec. Doc. 1; 12-532, Rec. Doc. 1; 12-533, Rec. Doc. 1). Based on the memoranda of counsel, the record, and the law, the Court DENIES the Motions.

## BACKGROUND

The relevant facts of this case are largely uncontested. In December 2009, First Mesa Tankships, LLC, Keet Seel Tankships, LLC, and Dos Raven Tankships, LLC ("Debtors" or "Plaintiffs") collectively filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (12-531, Rec. Doc. 1; 12-532, Rec. Doc. 1; 12-533, Rec. Doc. 1; 12-531, Rec. Doc. 5 at

---

[1] John Schinasi, a second year student at Columbia Law School, assisted in the preparation of this Order & Reasons.

1

2).  On December 1, 2011, Patrick Sharp, as plan administrator for the Debtors, filed separate complaints to recover preferential transfers made by each of the Debtors to FPS beginning on September 14, 2009 and continuing through October 5, 2009 – less than 90 days before Plaintiffs filed their original petitions.[2]  FPS then filed motions to withdraw each of those complaints from bankruptcy court to this Court, citing the right to a jury trial under the Seventh Amendment.  The three actions were then consolidated in this court.

## **LAW AND ANALYSIS**

Here, FPS makes two arguments for removal of the instant actions to this Court: (1) the disputed claims are not "core" bankruptcy proceedings and thus not within the jurisdiction of the bankruptcy court and (2) the demand for a jury trial requires withdrawal from the bankruptcy court.  Because the Court finds that the disputed claims are "core" bankruptcy proceedings, there is no need to address the demand for a jury trial.

The Fifth Circuit has established that district courts have broad jurisdiction over bankruptcy cases and proceedings.  *Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).  However, it has also recognized that "bankruptcy courts [are permitted] to hear 'core' proceedings by blanket reference from the district courts." *Id.* at 999.  The Bankruptcy Code contains a non-exclusive list of what types of proceedings are defined as "core," and thus within the bankruptcy court's original jurisdiction.  That list includes "proceedings to determine,

---

[2]Dos Raven Tankships, LLC made payments of $928.34 on September 14, $9,750.00 on September 22, and $100,635.00 on October 5, 2009, totaling $111,313.34.  (Bankr. Case No. 09-13964, Rec. Doc. 699 at 5).  First Mesa Tankships, LLC made a payment of $104,533.00 on September 14, 2009. (Bankr. Case No. 09-13964, Rec. Doc. 700 at 5).  Keet Seel Tankships, LLC made payments of $928.34 on September 14, $9,750.00 on September 22, and $100,635.00 on October 5, 2009, totaling $111,313.34.  (Bankr. Case No. 09-13964, Rec. Doc. 698 at 5).

avoid or recover preferences." 28 U.S.C. § 157(b)(2)(F). The Bankruptcy Code includes four relevant elements necessary to establish if a transfer is a preference, making it recoverable or avoidable by the debtor, as Plaintiffs here claim. It reads:

> [T]he trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider. 11 U.S.C. § 547(b).

If a proceeding is not "core," courts will then look to other factors, such as a demand for a jury trial, because the inability of a bankruptcy court to hold a jury trial in a non-core, or "related," proceeding is generally grounds for removal to district court. *Travelers Indemnity Co. v. The Babcock and Wilcox Co.,* 2002 WL 100625, *4 (E.D.La. 2002) (Vance, J.) ("Generally, the inability of a bankruptcy court to hold a jury trial in a related matter is a ground for a district court to withdraw the reference from bankruptcy court.").

In *Travelers,* the court ruled that a case warranted removal because it was not a "core" proceeding and because there was a legitimate claim for a jury trial. *Id.* In that case, Travelers filed a motion to withdraw an action for declaratory judgment that required the interpretation of pre-bankruptcy contracts by the court. *Id.* at *1. Because the court found that a contract action was not "core," it proceeded to analyze Travelers' demand for a jury trial. *Id.* at *3. The court ruled that because declaratory judgment actions regarding the relevant contracts entitled the parties to a trial by jury, withdrawal was proper because the bankruptcy court of the Eastern District of Louisiana does not allow for jury trials. *Id.* at *4. The court explained "the inability

3

of a bankruptcy court to hold a jury trial **in a related matter** is ground for a district court to withdraw the reference from a bankruptcy court. *Id.* (emphasis added).

Here, *Travelers* is instructive, but distinguishable. In that case, the court looked first at whether or not the action was a "core proceeding" within the Bankruptcy Code. *Id.* at *3. Where the action in that case was a contract dispute only tangentially related to bankruptcy law, the instant action – a dispute under 11 U.S.C. § 547 – was brought under the Bankruptcy Code and, under the Code, it is a "core" proceeding that fundamentally derives from bankruptcy law. The issue of whether or not the funds in dispute are avoidable or recoverable – as Plaintiffs claim they are – as "preferential transfers" under the elements described above requires an examination of the Bankruptcy Code. Unlike the court in *Travelers,* which looked to the issue of the jury demand as the next step in its analysis only because the complaint there was not "core," but only "related" to bankruptcy, the actions here are, by definition, "core" under 28 U.S.C. § 157(b)(2)(F).

FPS admits in its instant Motions that whether a proceeding is core or non-core is the most important factor in this Court's decision whether or not to withdraw the proceedings. (Rec. Doc. 1 at 5). Because the proceedings were brought directly under the Bankruptcy Code and is explicitly defined as a "core proceeding," both the law and this Court's interest in judicial expediency require the matter to stay in the bankruptcy court. The analysis regarding the nature of the proceeding as "core" is dispositive and so an examination of the demand for a jury trial is not necessary.

Accordingly,

IT IS ORDERED that Defendant's Motion to Withdraw the Bankruptcy Reference in 12-531 is DENIED.  (12-531, Rec. Doc. 1).

IT IS FURTHER ORDERED that Defendant's Motion to Withdraw Bankruptcy Reference in 12-532 is DENIED.  (12-532, Rec. Doc. 1).

IT IS FURTHER ORDERED that Defendant's Motion to Withdraw Bankruptcy Reference in 12-533 is DENIED.  (12-533, Rec. Doc. 1).

New Orleans, Louisiana, this 22nd day of August, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**